

Sarah S. E. Lora, OSB 042329
sarah.lora@lasoregon.org
Legal Aid Services of Oregon
397 N. First St.
Woodburn, OR 97071
Tel:  503-981-5291
Fax: 503-981-5292

Brenda Bradley, OSB 060453
brenda.bradley@lasoregon.org
Legal Aid Services of Oregon
230 NE Second Ave., Suite A
Hillsboro, OR 97124
Tel: 503-726-5489
Fax: 503-276-4382

        Of Attorneys for Plaintiffs

FILED' 11 FEB 25 09:16 USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

ISAUL CIPRIANO-HERNANDEZ,
ZENAIDA ESTRADA,

          **PLAINTIFFS,**

v.

SUTTON FUNDING, LLC,
BANK OF NEW YORK MELLON TRUST
COMPANY, N.A. as grantor trustee of the
Protium Master Grantor Trust,
OCWEN LOAN SERVICING, LLC as successor
in interest to Barclays Capital Real Estate,
Inc. d.b.a. Homeq Servicing,
BSI FINANCIAL SERVICES, INC.,
REGIONAL TRUSTEE SERVICES
CORPORATION,

          **DEFENDANTS.**

Case No.:  **CV '11 – 6067    TC**

**COMPLAINT**
**Declaratory Judgment/Oregon Trust Deed**
**Act (ORS 86.705-795)**
**Breach of Contract**
**Breach of Duty of Good Faith and Fair**
**Dealing**
**Fair Debt Collection Practices Act (15 U.S.C.**
**§§ 1692 – 92p)**
**Real Estate Settlement Procedures Act (12**
**U.S.C. §§ 2601-17)**
**Quiet Title/Remove Cloud on Title**
   **(ORS 105.605)**

**DEMAND FOR JURY TRIAL**

Page 1 - COMPLAINT

## JURISDICTION AND VENUE

1.      Plaintiffs' claims for relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692- 92p and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17, arise under federal statutes regulating commerce, and this Court has original subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1337.  Plaintiffs' state law claims are part of the same case or controversy, and this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2.      Plaintiffs Isaul Cipriano-Hernandez and Zenaida Estrada were at all relevant times natural persons residing in Marion County, Oregon and husband and wife.

3.      Defendant Sutton Funding, LLC was at all relevant times a foreign limited liability company of Delaware with a principal place of business in New York.

4.      Defendant Sutton Funding, LLC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5.      Defendant Bank of New York Mellon Trust Company, N.A. was at all relevant times a nationally chartered bank with offices in California and Florida.

6.      Defendant Ocwen Loan Servicing, LLC was at all relevant times a foreign limited liability company of Delaware with a principal place of business in Florida.

7.      Defendant BSI Financial Services, Inc. was at all relevant times a foreign business corporation of Pennsylvania.

8.      Defendant Regional Trustee Services Corporation was at all relevant times a
foreign business corporation of Washington with a principal place of business in Washington.

9.      Defendants Regional Trustee Services Corporation is a "debt collector" as
defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

10.     In April 2007, plaintiffs refinanced their home located at 298 Aksenia Street,
Woodburn, Oregon, 97071 (the "subject property") by obtaining a mortgage loan funded by
EquiFirst Corporation (the "April 2007 loan").

11.     Plaintiffs and their immediate family have owned and resided in the subject
property at all relevant times and since 2000.

12.     Barclays Capital Real Estate, Inc., d.b.a. HomEq Servicing ("HomEq"), was
designated as the loan servicing agent to whom plaintiffs were to make monthly mortgage
payments due on the April 2007 loan.

13.     In connection with the April 2007 loan, plaintiffs signed a promissory note in
favor of EquiFirst Corporation and a deed of trust for the subject property identifying Mortgage
Electronic Registration Systems, Inc. as the beneficiary.  The deed of trust identifies EquiFirst
Corporation as the lender.

14.     On information and belief, the note states that if plaintiffs default, the note
holder has the right to recover its costs and expenses in enforcing the note to the extent not
prohibited by applicable law, including, for example, reasonable attorneys' fees.  The deed of
trust states that if plaintiffs default, the lender shall be entitled to collect all expenses in
enforcing the instrument, including but not limited to, reasonable attorney fees.

15.     Plaintiffs' loan is a debt that constitutes an obligation to pay money that arose out of a transaction in which the property was primarily for personal, family or household purposes.

16.     In May 2009, plaintiffs fell behind on their monthly mortgage payments.

17.     On August 13, 2009, Mortgage Electronic Registration Systems, Inc. as nominee for EquiFirst Corporation, assigned the Deed of Trust relating to the April 2007 loan to defendant Sutton Funding, LLC ("Sutton Funding").

18.     Sutton Funding appointed defendant Regional Trustee Services Corporation ("Regional Trustee Services") as the Successor Trustee under the above-mentioned Deed of Trust on August 17, 2009.

19.     On or about August 21, 2009, Sutton Funding and Regional Trustee Services commenced non-judicial foreclosure proceedings, and a trustee's sale of the subject property was scheduled for December 28, 2009.

20.     Effective November 23, 2009, plaintiffs and defendant HomEq entered into a written Modification Agreement to amend certain provisions of the April 2007 loan.

21.     HomEq acted as the agent for the holder, Sutton Funding, in negotiating and entering into the November 23, 2009 Modification Agreement.

22.     The November 23, 2009 Modification Agreement states, in pertinent part, that:

(a)     It will benefit all parties to the April 2007 loan by providing the plaintiffs with an opportunity to meet their loan obligations in a manner intended to help the plaintiffs avoid default on the April 2007 loan and the necessity of foreclosure on the subject property;

Page 4 - COMPLAINT

   (b)     The parties acknowledge the receipt and sufficiency of good and valuable consideration for the loan modification agreement.

   (c)     The plaintiffs agree to pay a "new balance" of $173,212.96 instead of the prior principal balance of $161,181.83;

   (d)     Plaintiffs' interest rate will be reduced to an amount no greater than 5.5% for five years; and

   (e)     Plaintiffs' monthly mortgage payments will be increased from $990.33 to $1,019.28.

23.    Plaintiffs made timely payments under the November 23, 3009 Modification Agreement for December 2009, January 2010 and February 2010.

24.    On February 26, 2010, Regional Trustee Services sold the subject property in a foreclosure sale and executed a Trustee's Deed to defendant The Bank of New York Mellon Trust Company, N.A. as grantor trustee of the Protium Master Grantor Trust ("BNY Mellon").

25.    As part of the non-judicial foreclosure process, Regional Trustee Services recorded an Affidavit of Mailing Trustee's Notice of Sale, an Affidavit of Service – Trustee's Notice of Sale, and an Affidavit of Publication regarding the Trustee's Notice of Sale with the Office of the County Clerk for Marion County, Oregon ("County Clerk").

26.    The above-referenced affidavits of mailing, service and publication state that a Notice of Sale was served on plaintiffs. However, no affidavit was filed with the County Clerk affirming that a Notice to Grantor was served on plaintiffs.

27.    ORS 86.740 and 86.745 require that the trustee's notice of sale provide the grantor in the trust deed with the default for which the foreclosure is made.

28.     The copy of the Trustee's Notice of Sale recorded with the County Clerk states

that, as of August 24, 2009, plaintiffs owed $5,592.62 on the April 2007 loan.

29.     A copy of the Notice to Grantor also recorded with the County Clerk states that,

as of the same date, plaintiffs owed $9000.62.

30.     Section 22 of the deed of trust states in pertinent part:

> If lender invokes the power of sale . . . Lender or Trustee shall give notice
> of sale in the manner prescribed by Applicable Law to Borrower and to
> other persons prescribed by Applicable Law.  After the time required by
> Applicable Law, Trustee, without demand on Borrower, shall sell the
> Property at public auction to the highest bidder.

31.     In violation of their statutory and contractual rights, plaintiffs were not provided

with a Notice to Grantor that complied with ORS 86.737 or with a Notice of Sale that complied

with ORS 86.740(1).

32.     On March 8, 2010, Sutton Funding executed an Assignment of the Deed of Trust,

purporting to assign the Deed of Trust concerning the subject property to BNY Mellon.

33.     On March 15, 2010, the above-mentioned Trustee's Deed and the March 8, 2010

Assignment of Deed of Trust were recorded with the County Clerk.

34.     Plaintiffs learned of the February 26, 2010 trustee's sale when a real estate

agent provided them with a proposed agreement to vacate the subject property in March 2010

in exchange for $1300.

35.     On April 27, 2010, HomEq offered to rescind the trustee's sale if plaintiffs would

make additional payments totaling $2524.00 and sign and return a new loan modification

agreement.

36.     On April 29, 2010, plaintiffs accepted the offer, sending to HomEq via overnight mail a certified check in the amount of $2524.00.

37.     On April 30, 2010, HomEq received and accepted the certified check for $2524.00.

38.     HomEq provided plaintiffs with a new Modification Agreement for signature on May 14, 2010.

39.     On May 14, 2010, plaintiffs signed and returned the new loan modification agreement to HomEq.

40.     The May 2010 Modification Agreement states that HomEq is the holder or servicing agent of the holder of the April 2007 loan.

41.     The terms of the May 2010 Modification Agreement are identical to the terms of the agreement that the parties entered into in November 2009.

42.     On May 18, 2010, HomEq sent plaintiff a letter indicating that it had transferred servicing rights to defendant BSI Financial Services, Inc. ("BSI").

43.     On July 20, 2010, a "Correction of Error(s)" was recorded with the County Clerk, in what appears to be an attempt to rescind the Trustee's Deed.

44.     The Correction of Error(s) states that it was executed by Tracey O'Brien Moore as "Vice-President" for the "Beneficiary of Original Deed of Trust" on June 23, 2010. It does not indicate the name of the entity on whose behalf Ms. O'Brien Moore executed the document.

45.     At the time of the February 26, 2010 trustee's sale, Sutton Funding was the beneficiary of the original Deed of Trust that plaintiffs signed in connection with the April 2007 loan.

Page 7 - COMPLAINT

46.     To date, no document has been recorded that would indicate that the purported

purchaser of the subject property, BNY Mellon, acknowledged rescission of the Trustee's Deed.

47.     The public record is unclear as to who owns the subject property.

48.     In failing to properly rescind the Trustee's Deed, HomEq breached the contract

between it and the plaintiffs.

49.     Because the February 26, 2010 trustee's sale extinguished the Deed of Trust, the

March 8, 2010 Assignment of Deed of Trust from Sutton Funding to BNY Mellon was invalid.

50.     The recording of the March 8, 2010 Assignment of Deed of Trust clouds title to

the subject property.

51.     Learning that their home had been unlawfully sold caused plaintiffs emotional

distress.

52.     Upon information and belief, Ocwen purchased HomEq's assets and liabilities on

or about May 28, 2010.

53.     As HomEq's successor in interest, Ocwen is liable for HomEq's violations of the

law.

54.     In June 2010, plaintiffs were served with a Summons and Complaint for Eviction,

captioned *The Bank of New York Mellon Trust Company, National Association as Grantor*

*Trustee of the Protium Master Grantor Trust, Plaintiff, v. Zenaida Estrada, Isaul Cipriano*

*Hernandez, and All Occupants of the Premises located at 298 Aksenia Street, Woodburn, OR*

*97071, Defendants,* Marion County Case No.: 10C17574.

55.     Attached to the complaint was a copy of the February 26, 2010 Trustee's Deed.

56.    Plaintiffs suffered emotional distress when they learned that they were
unlawfully being sued for eviction from their home based on a Trustee's Deed they thought had
been and was contractually required to have been rescinded.

57.    The suit was dismissed on July 7, 2010.

58.    Plaintiffs have fully complied with the loan modification agreement by making
timely payments thereunder.

59.    By letter dated September 16, 2010, BSI informed plaintiffs that they owe
$2523.16 and threatened to commence foreclosure if the amount was not received within 15
days of the date of the letter.

60.    By letter dated October 5, 2010, BSI informed plaintiffs that they owe $2523.16.

61.    On October 21, 2010, plaintiffs sent BSI a Qualified Written Request ("QWR") as
defined by 12 U.S.C. § 2605(e) requesting an accounting of the $2523.16 and stating that
plaintiffs believed they were current on their payments and owed no money.

62.    In its November 8, 2010 response to the QWR, BSI indicated that plaintiffs owed
one month's payment ($1262.58 including escrow), but did not explain the rest of the charges,
nor did it correct plaintiffs' account as requested.

63.    By letter dated December 7, 2010, BSI informed plaintiffs that they owed
$2,523.16.

64.    Plaintiffs suffered emotional distress by the failure of BSI to correct plaintiffs'
account.

### FIRST CLAIM FOR RELIEF – REQUEST FOR DECLARATORY JUDGMENT VOIDING TRUSTEE'S SALE UNDER THE OREGON TRUST DEED ACT
### ORS 86.705, *et seq.* (against all defendants)

65.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

66.     The February 26, 2010 trustee's sale is void because at the time of the sale, there was no default as required by ORS 86.735(2) since plaintiffs were in compliance with the terms of the April 2007 loan as  modified by the November 23, 2009 Modification Agreement.

67.     Alternatively, the February 26, 2010 trustee's sale is invalid because the requirements for non-judicial foreclosure of a trust deed under ORS 86.705-795 were not met in the following ways:

> (a) No affidavit of mailing of the Notice to Grantor required under ORS 86.737 was recorded with the County Clerk prior to the sale, in violation of ORS 86.750(4).
>
> (b) The copy of the Trustee's Notice of Sale recorded with the County Clerk states that, as of August 24, 2009, plaintiffs owed $5,592.62 on the April 2007 loan.  The copy of the Notice to Grantor also recorded with the County Clerk states that, as of the same date, plaintiffs owed $9,000.62.  The contradictory information in the Notice of Sale and Notice to Grantor renders each of these notices invalid, in violation of ORS 86.737, 86.740 and 86.745.

68.     The March 8, 2010 assignment of the deed of trust is void because it was executed after the February 26, 2010 foreclosure sale.

### SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT
### (against Sutton Funding, BNY Mellon, Ocwen, Regional Trust Services)

69.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

70.   In violation of the Deed of Trust, the Notice of Sale was not given to plaintiffs in the manner prescribed by ORS 86.740(1) because amount of default in the notice was contradictory to that in the Notice to Grantor and thus invalid.

71.   Because the Notice of Sale was invalid, plaintiffs' home could not and cannot be sold in a trustee's sale.

72.   In violation of the Deed of Trust and for the benefit of Sutton Funding and/or BNY Mellon, Regional Trustee Services foreclosed the Deed of Trust.

73.   Plaintiffs are entitled to a judgment declaring that Regional Trustee Services did not have the authority to foreclose the Deed of Trust.

74.   Plaintiffs are also entitled to a judgment declaring that either (1) the foreclosure sale and Trustee's Deed are rescinded and that the public record reflects the rescission, or (2) that defendants shall take all necessary actions to rescind the foreclosure sale and Trustee's Deed and record such rescissions.

75.   Defendants Ocwen (by the acts of HomEq), Sutton Funding, and BNY Mellon breached their contractual obligations arising under the promissory note and Deed of Trust described above, as modified by the November 23, 2009 Modification Agreement by:

> (a)   Selling the subject property via trustee's sale on February 26, 2010;
>
> (b)   Failing to take sufficient steps to rescind the unlawful February 26, 2010 trustee's sale; and
>
> (c)   Failing to rescind the March 8, 2010 Assignment of Deed of Trust which clouds plaintiffs' right to title to the subject property.

76.     Alternatively, the November 23, 2009 Modification Agreement created contractual obligations which defendants Ocwen (by the acts of HomEq) and Sutton Funding breached in the same ways described above.

77.     Alternatively, defendants breached their contractual obligations arising under the promissory note and Deed of Trust described above, as modified by the April 27, 2010 letter offering to rescind the unlawful trustee's sale, plaintiffs' subsequent tender and defendants' acceptance of the $2524.00 and the May 14, 2010 Modification Agreement created contractual obligations between plaintiffs and defendants Ocwen, as HomEq's successor and Sutton Funding and/or BNY Mellon as holder.

78.     Alternatively, the April 27, 2010 letter offering to rescind the unlawful trustee's sale, plaintiffs' subsequent tender and defendants' acceptance of the $2524.00 and the May 14, 2010 Modification Agreement created contractual obligations between plaintiffs and defendants Ocwen, as HomEq's successor and Sutton Funding and/or BNY Mellon as holder.

79.     Defendants breached those contractual obligations by:

        (a)     Failing to take sufficient steps to rescind the unlawful February 26, 2010 trustee's sale;

        (b)     Failing to rescind the March 8, 2010 Assignment of Deed of Trust which clouds plaintiffs' right to title to the subject property; and

        (c)     Attempting to evict plaintiffs from their home in June 2010.

80.     Monetary damages would not adequately and completely compensate plaintiffs for the loss of their home and plaintiffs have and are ready, willing and able to perform their obligations under the above contracts.

81.     Plaintiffs seek specific performance as a remedy on their claims for breach of contract.

### THIRD CLAIM FOR RELIEF – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (against Sutton Funding, Ocwen, BNY Mellon)

82.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

83.     The above-described contracts include an implied covenant of good faith and fair dealing.

84.     Defendants' actions as described above constituted a breach of the duty of good faith and fair dealing contained in these contracts.

85.     Plaintiffs are entitled to and seek the same relief described in their claim for breach of contract above.

### FOURTH CLAIM FOR RELIEF – FAIR DEBT COLLECTION PRACTICES ACT
### (against Regional Trustee Services and Sutton Funding)

86.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

87.     Regional Trustee Services and Sutton Funding violated 15 U.S.C. § 1692f (6) of the FDCPA by taking or threatening to take a non-judicial action to effect dispossession or disablement of the property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

88.     Plaintiffs suffered emotional distress because of Regional Trustee Services' and Sutton Funding's actions.

### FIFTH CLAIM FOR RELIEF – REAL ESTATE SETTLEMENT PROCEDURES ACT
### (against Ocwen and BSI)

89.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

90.     BSI failed to respond appropriately to plaintiffs' QWR and make appropriate corrections to plaintiffs' account in violation of 12 U.S.C. § 2605(e).

91.     Plaintiffs suffered emotional distress because of BSI's violations.

### SIXTH CLAIM FOR RELIEF – QUIET TITLE/REMOVE CLOUD ON TITLE
### (against Sutton Funding and BNY Mellon)

92.     Plaintiffs restate and re-allege the foregoing allegations of this Complaint as if fully restated herein.

93.     The subject property is not in the actual possession of any person other than plaintiffs.

94.     Sutton Funding's assignment to BNY Mellon of the deed of trust after the February 26 foreclosure sale is invalid and now clouds the title of the subject property.

95.     BNY Mellon's failure to rescind the trustee's deed and restore title to plaintiffs has clouded the title of the subject property.

96.     In failing to properly rescind the trustee's deed, BNY Mellon is asserting an interest adverse to plaintiffs' interest in the subject property.

97.     No defendant holds an estate, title, claim, lien, or interest in the real property or any portion thereof.

98.     Plaintiff has no plain speedy, or adequate remedy at law.

### PRAYER

WHEREFORE, plaintiffs pray for a judgment in favor of plaintiffs and against defendants as follows:

1.      On plaintiffs' first claim for relief (declaratory judgment) against all defendants, plaintiffs pray for an order:

          (a)     Declaring the February 26, 2010 trustee's sale void;

          (b)     Declaring the March 8, 2010 assignment of the deed of trust void;

          (c)     Declaring that plaintiffs are the owners in fee simple of the subject property and entitled to possession thereof, free of any estate, title, claim, lien, or interest of defendants or those claiming under defendants;

          (d)     Enjoining defendants from taking any action to evict plaintiffs, transfer the property, or otherwise interfere with plaintiffs' possession, use or enjoyment of the subject property.

2.      On plaintiffs' second claim for relief (breach of contract) against all defendants for an order:

          (a)     Requiring defendants to take all steps necessary to rescind the unlawful February 26, 2010 trustee's sale;

          (b)     Requiring defendants to take all steps necessary to rescind the invalid March 8, 2010 Assignment of the Deed of Trust; and

          (c)     Awarding plaintiffs their actual damages.

3.      On plaintiffs' third claim for relief (breach of duty of good faith and fair dealing) against Sutton Funding and Ocwen:

      (a)     Requiring defendants to take all steps necessary to rescind the unlawful February 26, 2010 trustee's sale;

      (b)     Requiring defendants to take all steps necessary to rescind the invalid March 8, 2010 Assignment of the Deed of Trust; and

      (c)     Awarding plaintiffs their actual damages.

4.    On plaintiffs' fourth claim for relief (FDCPA) against Regional Trustee Services and Sutton Funding plaintiffs pray for an order:

      (a)     Declaring that Regional Trustee Services and Sutton Funding's conduct violated the FDCPA;

      (b)     Awarding plaintiffs their actual damages, including damages for emotional distress pursuant to 15 U.S.C. § 1692k; and

      (c)     Awarding plaintiffs their statutory damages pursuant to 15 U.S.C. § 1692k;

5.    On plaintiffs' fifth claim for relief (RESPA) against BSI plaintiffs pray for an order:

      (a)     Declaring that BSI's conduct violated RESPA; and

      (b)     Awarding plaintiffs their actual damages, including damages for emotional distress pursuant to 12 U.S.C. § 2605(f)(1)(A).

6.    On plaintiffs' sixth claim for relief (Quiet Title/Remove Cloud on Title) against Sutton Funding and BNY Mellon, plaintiffs pray for an order:

      (a)     Requiring defendants Sutton Funding and BNY Mellon to set forth the nature of their claims, if any, to the subject property;

    (b)        Determining all adverse claims, if any, of defendants Sutton Funding and BNY Mellon and all persons claiming under defendants; and

    (c)        Declaring plaintiffs to be the owners in fee simple of the real property described above and entitled to possession thereof, free of any estate, title, claim, lien, or interest of defendants Sutton Funding and BNY Mellon or those claiming under them and quieting title and/or removing the cloud on the title of the subject property in favor of plaintiffs.

7.      Pre-judgment and post-judgment interest;

8.      Costs and attorney fees pursuant to ORS 20.096(1), 15 U.S.C. § 1692k, and 12 U.S.C. § 2605(f)(3); and

9.      Such other relief as this Court deems just and proper.


DATED this 24th of February, 2011.


Sarah S. E. Lora, OSB 042329
sarah.lora@lasoregon.org
Legal Aid Services of Oregon
397 N. First St.
Woodburn, OR 97071
Tel: 503-981-5291
Fax: 503-981-5292

      Of Attorneys for Plaintiffs